UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

NATHAN A. SAVAGE, SR.,
    Appellant,

   v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
AT-0752-16-0428-I-1

DATE: June 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathan A. Savage, Sr., Pensacola, Florida, pro se.

Donald Vicini, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed an application for disability retirement with the Office of Personnel Management (OPM), claiming that he was disabled from his City Carrier position with the agency based on his medical condition of post-traumatic stress disorder. Initial Appeal File (IAF), Tab 17 at 10-18. On January 11, 2016, OPM approved the application. *Id.* at 19-20. On April 4, 2016, the appellant filed an appeal with the Board alleging that his disability retirement was involuntary, asserting that the agency was aware of his disability and failed or refused to accommodate him. IAF, Tab 1.

¶3 The administrative judge found that the appellant had made a nonfrivolous allegation of involuntariness and held a jurisdictional hearing. IAF, Tab 19. Based on the record, including the hearing testimony, the administrative judge issued an initial decision finding that the appellant failed to meet his burden to show that his retirement was involuntary. She found that a number of agency witnesses testified that the appellant did not tell them that he had a disability and that he never requested accommodation. IAF, Tab 21, Initial Decision (ID) at 4-7. She found that the testimony of these witnesses was more credible than the appellant's testimony that he informed his supervisors that he had a disability.

ID at 6. Thus, she found that the appellant failed to show that he requested an accommodation for a known disability that would have allowed him to continue working when he asked for a reassignment to a Custodian position, and he failed to meet his burden to prove jurisdiction over his appeal. ID at 7.

¶4 In his petition for review, the appellant argues that the agency must attempt to accommodate a disability through the interactive process prior to granting disability retirement and it failed to do so. Petition for Review (PFR) File, Tab 2 at 2-5.[2] The agency has responded in opposition to the petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 A retirement is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction. *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 5 (2015); *see* 5 C.F.R. § 752.401(b)(9). An appellant who alleges that a presumptively voluntary action was involuntary bears the burden of proving Board jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc); 5 C.F.R. § 1201.56(b)(2)(i)(A). In most cases, an appellant who alleges that his disability retirement was involuntary must show by preponderant evidence that (1) he indicated to the agency that he wished to continue working but that his medical limitations required a modification of his work conditions or duties, i.e., accommodation; (2) there was a reasonable accommodation available during the period between the date on which he indicated to the agency that he had medical limitations but desired to continue working and the date that he was separated that

---

[2] On March 30, 2017, the appellant submitted a document to the Board's Atlanta Regional Office (ATRO) that it docketed as a new appeal. While the appeal was pending, the appellant stated that he did not wish to file a new appeal but instead wanted to file a petition for review of the initial decision issued March 1, 2017. PFR File, Tab 1. ATRO forwarded the appellant's March 30, 2017 submission to the Office of the Clerk of the Board for docketing as a petition for review. PFR File, Tab 2. The Office of the Clerk of the Board acknowledged the appellant's March 30, 2017 submission as a timely filed petition for review. PFR File, Tab 3.

would have allowed him to continue working; and (3) the agency unjustifiably failed to offer that accommodation. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 17 (2013).

¶6        Here, we agree with the administrative judge that the appellant failed to meet his burden of proof to establish the first of these three elements, i.e., that he indicated to the agency that he had medical limitations that required modifying his work conditions or duties.  The administrative judge found that the appellant testified that he asked three supervisors for a transfer to a position that was less stressful.  ID at 3-4.  However, she found that all three supervisors testified credibly that, although the appellant had mentioned that he wanted to leave his City Carrier position to become a Custodian, they did not know that he had a disability or that it was the reason that he wanted to become a Custodian.  ID at 5. She also found that the Station Manager testified credibly that he did not know that the appellant had a disability or that he needed an accommodation.  ID at 4. Likewise, she found that the Postmaster testified credibly that she did not know that the appellant had a disability.  ID at 5.  The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The administrative judge properly found that, because the appellant failed to meet his burden to show that he informed the agency that he had medical limitations that required accommodation, he failed to show that his disability retirement was involuntary.  *See Garcia*, 437 F.3d at 1329; *Mims*, 120 M.S.P.R. 213, ¶ 17.

¶7        Because the appellant failed to inform his supervisors and managers that he had a disability, he also failed to supply the agency with sufficient information for it to determine that he was making a request for a reasonable accommodation under the Rehabilitation Act of 1973.  Thus, the agency had no obligation to follow up with him, requesting more information about his accommodation needs through an informal interactive process.  Under these circumstances, the agency

properly did not initiate the sort of exchange that is supposed to occur during the interactive process. *See* 29 C.F.R. § 1630.2(o)(3) (to determine the appropriate reasonable accommodation, an agency may need to "initiate an informal, interactive process with the individual with a disability in need of the accommodation"). Accordingly, we conclude that the appellant's assertion on petition for review that the agency failed in its obligation to accommodate his disability through the interactive process prior to his receipt of disability retirement is unavailing.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.